[Cite as *In re B.G.*, 2022-Ohio-3358.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

In re B.G.

Court of Appeals No. E-21-040

Trial Court No. 2021-JF-0037

### DECISION AND JUDGMENT

Decided: September 23, 2022

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Troy A. Murphy, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a September 13, 2021 judgment of the Erie County

Court of Common Pleas, Juvenile Division, denying appellant's Juv.R. 29(F)(2)(c) and

(d) motion to postpone entry of adjudication, or dismiss the case, subsequent to finding

that appellant had engaged in conduct that, if committed by an adult, would constitute

one count of rape, in violation of R.C. 2907.02, a felony of the first degree, and one count of unlawful restraint, in violation of R.C. 2905.03, a misdemeanor of the third degree.

{¶ 2} The victim, a minor, was nine-years-old at the time of these events. Appellant, likewise a minor, was 12-years-old at the time of these events. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant sets forth the following sole assignment of error:

> The trial court erred and abused its discretion by denying the juvenile's Motion to Postpone Entry of Adjudication or Dismiss the Complaint relating to the rape charge (Count F) pursuant to Juv.R. 29(F)(2).

{¶ 4} The following undisputed facts are relevant to this appeal. On April 14, 2021, complaints were filed in juvenile court against appellant, alleging conduct that would constitute rape and unlawful restraint, if committed by an adult, in violation of R.C. 2907.02 and R.C. 2905.03, a felony of the first degree, and a misdemeanor of the third degree, respectively.

{¶ 5} On July 20, 2021, an evidentiary hearing was conducted. The record reflects that the victim gave uncontroverted testimony stating that during the summer of 2017, following the victim's completion of the third grade, appellant was often over at the victim's home, hanging out and playing with the victim and her brother.

2.

**{¶ 6}** One day that summer, after playing outside on a trampoline, appellant and the victim went inside the home and into the victim's bedroom. Appellant locked the door after they entered the room, stood blocking her path of exit from the room, pulled down his pants, and told the victim that she could not leave the room until she performed oral sex upon appellant. The victim complied.

**{¶ 7}** Afterwards, appellant warned her that if she disclosed what had occurred to her parents, he would tell them that she wanted to do it.

**{¶ 8}** During the victim's cross-examination in the evidentiary hearing, upon inquiry as to why she did not try to escape from appellant, she explained, "Because the door was blocked and [appellant] was trying to block it. I felt like if I got up and tried to leave, [appellant] would get to the door before I could even leave."

**{¶ 9}** During the further course of her cross-examination, upon inquiry as to why she did not disclose this incident to her parents after it had occurred, the victim explained, "Because I was afraid that [appellant] was going to hurt me."

**{¶ 10}** Appellant testified that the victim herself was the one who locked the door to her bedroom on the day of the incident. Appellant conceded that the victim performed oral sex upon him. However, appellant maintained that she did so voluntarily. Appellant also conceded to engaging in oral sex on numerous occasions with another juvenile during the same time period as this case.

3.

{¶ 11} The trial court was not persuaded by appellant's claim that the victim willingly participated in the conduct. Regardless, the victim was nine-years-old, rendering the conduct rape as a matter of law. R.C. 2907.02(A)(1)(b).

{¶ 12} The trial court determined that sufficient evidence had been presented to find appellant delinquent, and thereby guilty, on one count of rape, in violation of R.C. 2907.02, a felony of the first degree, and one count of unlawful restraint, in violation of R.C. 2905.03, a misdemeanor of the third degree.

{¶ 13} Following the delinquency finding, counsel for appellant motioned the court pursuant to Juv.R. 29(F)(2)(c) and (d), requesting that the adjudication of delinquency be postponed, or that the case be dismissed, in the claimed best interest of the child and the community.

{¶ 14} The trial court directed both parties to prepare and file substantive briefs, setting forth their respective legal arguments on the pending motion. The matter was scheduled for further hearing.

{¶ 15} On September 13, 2021, following the filing of the briefs on the pending motion and the performance of a risk assessment upon appellant, the trial court conducted the next hearing.

{¶ 16} Appellee emphasized, in opposition to the motion, "[T]here were a few items in the assessment that I thought were concerning. *One would be the lack of remorse or accountability that the defendant exhibited during his assessment * * * I do*

4.

*think it is important that the rape conviction remain so that the court may \* \* \* require that [appellant] receive the treatment that he obviously needs*." (Emphasis added).

{¶ 17} Appellee further elaborated, "*That actually is helpful and important for the State and would help to protect the public too \* \* \* [Rape] is a serious offense. And while 29(F) exists, the cases where that's happened \* \* \* are highly distinguishable from the facts here*." (Emphasis added).

{¶ 18} Appellant conceded that the assessment reflected that, "*The risk for abusive behavior [by appellant] in the future was elevated due to a history of sexually abusive behavior towards others*." (Emphasis added).

{¶ 19} Appellant nevertheless maintained, in support of the motion, as related to the risk assessment findings, "It's low to moderate. I mean, we are in the low end of the risk spectrum as far as sexual offending is concerned."

{¶ 20} Apart from appellant's attempt to characterize the risk assessment in a favorable way, while simultaneously conceding that appellant was found to be at an elevated level of recidivism on the risk spectrum, the record is devoid of evidence that the best interest of appellant and the community would have been served by the trial court granting the motion.

{¶ 21} The record reflects that the trial court thoroughly considered the opposing positions and the evidence presented, in the course of reaching a determination on the motion. The trial court remained unconvinced on the merits of appellant's motion.

5.

**{¶ 22}** The trial court explained the nature of the pending motion, stating, "[T]he rule [Juv.R. 29 (F)(2)] is generalized in nature. It says the court can do this if -- you know, it feels that it is in the best interests of the child and the community."

**{¶ 23}** In conjunction, the trial court elaborated on the scope of the deliberations, conveying that the decision pending before it was not routine or trivial. The trial court explained, "[W]hen I consider everything * * * all of the case law and the like * * * *I shouldn't make this lightly. I shouldn't make this easily. I shouldn't make it a frequent thing that the court considers.*" (Emphasis added).

**{¶ 24}** The trial court further stated and concluded, "*We've got a serious case here * * * And it's very clear that the law permits and expects the adjudication and disposition on charges with children that engage in forced sexual activity under the age of 13 * * * The bottom line is the court doesn't feel that sufficient circumstances exist.*" (Emphasis added).

**{¶ 25}** Accordingly, appellant's Juv.R. 29(F)(2) motion to postpone adjudication, or dismiss the case, was denied. This appeal ensued.

**{¶ 26}** In the sole assignment of error, appellant alleges that the trial court abused its discretion in denying appellant's Juv.R. 29(F)(2) motion. We do not concur.

**{¶ 27}** It is well-established that demonstrating an abuse of discretion requires more than showing a mere error in law or judgment. Rather, it must be shown that the

6.

disputed trial court action was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d (1983).

{¶ 28} In principle support of this appeal, appellant unilaterally alleges that the trial court failed to properly understand the range of the discretionary options afforded to it pursuant to Juv.R. 29(F)(2).

{¶ 29} Specifically, appellant alleges, "The trial court's determination that it lacked this discretion, which is expressly stated in the rule itself, constitutes not only an abuse of discretion, but a fundamental error in application of the rule." Appellant offers no objective evidence in support of this position.

{¶ 30} Appellant appears to conflate the fact of the trial court's denial of appellant's Juv.R. 29(F)(2)(c) and (d) motion, in its entirety, as constituting evidence that the trial court failed to comprehend that it could have acted in favor of the motion, either in part, or in whole, rather than reject the motion, in whole.

{¶ 31} Appellant states, "[T]he court could have postponed entry of adjudication pursuant to Juv.R. 29(F)(2)(c), dismissed the complaint pursuant to Juv.R. 29(F)(2)(d), or done both."

{¶ 32} Appellant further asserts, "Had the trial court understood it had the discretion to elect from any of the options under Juv.R. 29(F)(2), it could have postponed entry of adjudication."

7.

{¶ 33} Appellant offers no evidence, beyond conjecture, and the record reflects none, in support of the conclusion that the trial court did not comprehend its available range of options in responding to appellant's Juv.R. 29(F)(2) motion.

{¶ 34} We have carefully reviewed and considered the record of evidence. Contrary to appellant's position, the record reflects that the trial court properly understood its options and authority in the course of its Juv.R. 29(F)(2) deliberations and in reaching a decision on the merits of the motion.

{¶ 35} As mentioned above, the trial court clearly conveyed when undertaking consideration of the merits of this Juv.R. 29(F)(2) motion, "*I shouldn't make this lightly. I shouldn't make this easily. I shouldn't make it a frequent thing.*"  (Emphasis added).

{¶ 36} The seriousness with which the trial court approached this decision is a reflection that this case involved the statutory rape of a nine-year-old by an older juvenile, including the use of unlawful restraint and threats regarding disclosure.

{¶ 37} In the Third District Court of Appeals case of *In re Arnett*, Hancock No. 5-04-20, 2004-Ohio-5766, the case likewise entailed the oral rape of a juvenile girl, under the age of 13, by an older juvenile.

{¶ 38} In reversing the trial court's granting of a Juv.R. 29(F)(2)(d) dismissal of the juvenile rape case, the appellate court held, in pertinent part, "[T]he sexual encounter was consensual and non-violent, factors which may mitigate disposition but are not defenses to the charge and do not bear upon the best interest of the child and the

8.

community * * * [W]e must find that the dismissal of the charges constituted an abuse of discretion." *In re Arnett*, ¶ 18-19.

{¶ 39} Thus, the appellate court found the juvenile rape dismissal improper even in a case where the evidence showed the incident to be consensual and non-violent.

{¶ 40} By contrast, the record in this case shows that the occurrence was not consensual and involved the use of restraint and threats, thereby reflecting this case to be an even less proper candidate for the granting of the Juv.R. 29(F)(2) motion.

{¶ 41} The record reflects that the trial court understood the Juv.R. 29(F)(2) options available to it. The record is devoid of evidence that the trial court mistakenly believed that it was constrained in any way inconsistent with the language of Juv.R. 29(F)(2).

{¶ 42} The record reflects that, based upon the facts and circumstances of this case, the trial court determined that the postponement or dismissal of the statutory rape case was not in the best interest of appellant, or the community, and, accordingly, the trial court elected to exercise its Juv.R. 29(F)(2) discretion to find the motion to be without merit and deny it.

{¶ 43} Wherefore, we find that appellant has failed to demonstrate that the trial court's denial of appellant's Juv.R. 29(F)(2) motion was unreasonable, arbitrary or unconscionable. Accordingly, we find appellant's assignment of error not well-taken.

9.

{¶ 44} On consideration whereof, the judgment of the Erie County Court of Common Pleas, Juvenile Division, is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.